UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARVIN LUMBER & CEDAR COMPANY,

      Plaintiff,

v.                             **ORDER**
                              Civil File No. 15-1869 (MJD/LIB)

LEN SEVERSON,

      Defendant.

Daniel Oberdorfer, Jennifer V. Ives, Kristin Berger Parker, and Tracey Holmes Donesky, Stinson Leonard Street LLP, Counsel for Plaintiff.

Joel P. Schroeder, Faegre Baker Daniels LLP, Counsel for Defendant.

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois dated July 7, 2015. Paragraph 3 of the recommended Order, as set forth in the Report and Recommendation, states that "Defendant be permitted to continue working as VerHalen's general manager, except for direct management of VerHalen's commercial window sales, as articulated herein." (R&R at 18.) Plaintiff Marvin Lumber & Cedar Company ("Marvin") filed limited objections to the Report and Recommendation. Specifically, Plaintiff objects only that this Court should

modify paragraph 3 of the recommended Preliminary Injunction to prohibit Defendant Len Severson from managing VerHalen's commercial <u>and</u> trade sales.

Pursuant to statute, the Court has conducted a <u>de novo</u> review upon the record.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based upon that review, the Court adopts the Report and Recommendation of United States Magistrate Judge Brisbois dated July 7, 2015.

First, the evidence in the record shows that VerHalen maintains a clear distinction between commercial and trade sales, and Severson's current position does not include interaction with VerHalen's commercial sales.  Second, while Marvin has submitted evidence that there is more of an overlap between commercial and trade sales at Marvin than at VerHalen, the evidence also shows that Severson focused almost all of his work at Marvin on commercial space and had limited involvement in residential space.  Third, Severson's current position as general manager does not involve direct sales but rather focuses on oversight of three departments: operations, project support, and trade sales.  The Preliminary Injunction already enjoins Severson from "directly or indirectly soliciting business from Marvin's dealers or Marvin's dealers' customers with whom Defendant worked during his employment at Marvin."  Thus, to the

extent that Severson did work with trade customers at Marvin and to the extent that commercial customers with whom Severson worked also work in the trade arena, Severson is already enjoined from directly or indirectly soliciting those entities' business.  The Court concludes that, overall, the restrictions in the Preliminary Injunction are reasonable and sufficient to protect Marvin's legitimate business interests.  Additional constraints would be overbroad and unduly restrictive.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. The Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois dated July 7, 2015 [Docket No. 37].

2. Plaintiff's Motion for Preliminary Injunction, [Docket No. 9], is **GRANTED IN PART** and **DENIED IN PART**, as follows:

    a. Defendant is preliminarily enjoined from using and/or disclosing any trade secret or confidential information Defendant acquired as a result of his employment with Plaintiff;

    b. Through August 13, 2016, Defendant is preliminarily enjoined from directly or indirectly soliciting business from Marvin's dealers or Marvin's dealers' customers with whom Defendant worked during his employment at Marvin; and

    c. Defendant is permitted to continue working as VerHalen's general manager, except for direct management of VerHalen's commercial window sales.

3. The Court concludes that, as Defendant has stipulated to the terms of the preliminary injunction, no security is required under Federal Rule of Civil Procedure 65(c).

Dated:  September 28, 2015        s/ Michael J. Davis
                                                Michael J. Davis
                                                United States District Court